UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| FRANKLIN CLAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-504 |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| MICHIGAN DEPARTMENT OF | ) | |
| CORRECTIONS et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis.* Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint because Defendants are immune.

**Discussion**

Plaintiff presently is incarcerated in the Bellamy Creek Correctional Facility. In his *pro se* complaint, Plaintiff sues the Michigan Department of Corrections, the State of Michigan and the United States Department of Justice. Plaintiff makes the following factual allegations in his complaint (quoted verbatim):

> Conditions of confinement held indefenantlly in punitive administrative segragation in an issolation cell denied drugs for suppression of HIV+. Denied medical treatment for skin lessions that have left permanent scars disfigurement of face and body. Deliberate indifference to custody and all medical, mentail, dental care failure to protect from assults in facility as known from appeal and, sexual theapy groups to have AIDS. Failure to provide ongoing recomended mental health care group tharpy in the treatment of said instant offence, held without opportunity be placed in commuinty placements or, commercial placements, camps, etc. in violation of the district court rulings and, no permanent ad-seg. As in Hewitt vs Helms ad-seg not to used in housing indefenantlly.

Plaintiff seeks injunctive relief, as well as an unspecified amount of monetary damages.

Plaintiff may not maintain a § 1983 action against the State of Michigan or the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit

- 2 -

under the Eleventh Amendment.  *See*, *e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at \*2 (6th Cir. Nov. 1, 2000); *Erdman v. Michigan Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at \*1 (6th Cir. April 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at \*1 (6th Cir. Nov. 18, 1992); *Adams v. Michigan Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at \*1 (6th Cir. May 7, 1987).  In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages.  *See Lapides v. Board of Regents*, 535 U.S. 613 (2002) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989)).

Furthermore, Plaintiff's suit against the United States Department of Justice is barred by the doctrine of sovereign immunity.  The doctrine of sovereign immunity stands for the proposition that federal courts do not exercise jurisdiction over the United States unless there is a specific waiver by the United States to be sued.  *See Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996).  A waiver is not implied, but must be an unequivocal expression by Congress that the United States shall not be immune from suit for the relief sought.  In other words, absent explicit consent, a court is without jurisdiction to entertain a suit against the United States.  *See United States v. Mitchell*, 463 U.S. 206, 212 (1983), *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981).  There is no waiver of constitutional claims against the United States, *Lundstrum v. Lyng*, 954 F.2d 1142, 1146 (6th Cir. 1991), and a federal civil rights action can be brought only against individual federal officials, not against the United States.  *See Shaner v. United States*, 976 F.2d 990, 994 (6th Cir. 1992).  As an agency of the United States, the Department of Justice is entitled to sovereign immunity.  *See United States v. Testan, 424 U.S. 392* (1976).  *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993).

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b) and 42 U.S.C. § 1997e(c), because Defendants are immune.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  August 17, 2005                              _____/s/ Gordon J. Quist_____
                                                                          GORDON J. QUIST
                                                            UNITED STATES DISTRICT JUDGE